Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back                    Location : All Courts    Help

# REGISTER OF ACTIONS
## CASE NO. 16-09-10808

| | |
|---|---|
| Amber Grant, Kara Grant VS. Metropolitan Lloyds Insurance Company of Texas, Todd Dwayne Bilbrey | § § § § § |

| | |
|---|---|
| Case Type: | Contract Consumer/Commercial/Debt >$200,000 |
| Date Filed: | 09/16/2016 |
| Location: | 284th Judicial District Court |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Bilbrey, Todd Dwayne | |
| Defendant | Metropolitan Lloyds Insurance Company of Texas CT Corporation System 1999 Bryan St. Ste 900 Dallas, TX 75201 | Dennis D. Conder Retained 214-748-5000(W) |
| Plaintiff | Grant, Amber | Andres Arguello Retained 281-532-5529(W) |
| Plaintiff | Grant, Kara | Andres Arguello Retained 281-532-5529(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 09/16/2016 | Original Petition (OCA) | | |
| 09/16/2016 | E-Filed Original Petition Document | | |
| 09/16/2016 | Civil Case Information Sheet | | |
| 09/16/2016 | Jury Trial Requested | | |
| 09/20/2016 | Citation | | |
| | Metropolitan Lloyds Insurance Company of Texas | Served Returned | 10/05/2016 10/05/2016 |
| | Bilbrey, Todd Dwayne | Unserved | |
| 10/05/2016 | Return of Citation | | |
| 10/17/2016 | Answer | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | Plaintiff Grant, Amber | | |
| | Total Financial Assessment | | 303.00 |
| | Total Payments and Credits | | 303.00 |
| | Balance Due as of 11/03/2016 | | 0.00 |
| 09/20/2016 | Transaction Assessment | | 303.00 |
| 09/20/2016 | E-File Electronic Payment  Receipt # 2016-104317 | Grant, Amber | (303.00) |



EXHIBIT
A

Received and E-Filed for Record
9/16/2016 5:16:52 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-09-10808



| AMBER GRANT AND | § | IN THE DISTRICT COURT OF |
| KARA GRANT | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | Montgomery County - 284th Judicial District Court |
| COMPANY OF TEXAS AND | § | |
| TODD DWAYNE BILBREY, | § | |
| *Defendants.* | § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AMBER and KARA GRANT ("Plaintiffs") and file this *Plaintiffs' Original Petition and Requests for Disclosure*, complaining of METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS (herein "Metropolitan") and TODD DWAYNE BILBREY ("herein Mr. Bilbrey"), collectively known as "Defendants," and respectfully show this Honorable Court the following:

### I.   DISCOVERY CONTROL PLAN

1.   Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.   Plaintiffs Amber and Kara Grant are individuals residing in Montgomery County, Texas.

3.   Defendant Metropolitan is an insurance company engaged in the business of insurance in Texas with its principal office located in Warwick, Rhode Island. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas,

in Montgomery County. Defendant Metropolitan may be served via its registered attorney for service: C T Corporation System, 1999 Bryan St. Ste. 900, Dallas, Texas, 75201.

4.      Upon information and belief, Defendant Todd Bilbrey is an individual engaged in the business of adjusting insurance in the State of Texas. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas, in Montgomery County. This individual can be served at: 3259 W Fuller Avenue, Fort Worth, Texas 76133-1560.

### III.    JURISDICTION

5.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant Metropolitan because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant Todd Bilbrey because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action asserted arose out of this defendant's business activities in the State of Texas.

### IV. VENUE

8.      Venue is proper in Montgomery County, Texas, because the insured property is situated in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### V. FACTS

9.      Plaintiffs are the owners of a Texas Homeowners' Insurance Policy, with Policy No. 6282857680 which was issued and sold by Metropolitan (hereinafter referred to as "the Policy").

10.     Plaintiffs own the insured property, which is specifically located at 945 Pioneer Lane, Cleveland, Texas 77328, which is located in Montgomery County, Texas (hereinafter referred to as "the Property").

11.     On or about May 26, 2016, a severe windstorm and/or tornado struck Montgomery County, Texas and caused substantial damage to the Property ("the Incident"). On or about September 14, 2016, Plaintiffs' independent adjusters evaluated the Property and found substantial storm-related damage covered by the policy. Specifically, the composition roof of Plaintiff's dwelling sustained damage from high winds and/or wind-driven debris and requires full replacement along with accompanying roof components/fixtures, such as the framing, sheathing, pipe jack, roof vents, flashing, step flashing, and drip edge. Furthermore, the exterior of the dwelling sustained significant storm-related damage, which need repairs. For example, the porch cover requires the following repairs: removal and replacement of lumber and metal roofing, and the priming and painting of soffits. Additionally, Plaintiffs' estimators found that the siding and other exterior components were damaged during the storm, necessitating the following repairs: removal and replacement of the house wrap, foam insulation, a wood door frame, siding, siding trim, vinyl soffits, metal fascia, and a storm door assembly. Plaintiffs' estimators also found that the garage roof sustained extensive damage from wind/wind-driven debris, necessitating the removal and replacement of composition shingles and the drip edge. Additionally, the exterior of the garage was impacted, and requires the following repairs: removal and replacement of the house wrap, siding, siding trim, trim boards, soffits, and the overhead garage door. These items will also require sealing and painting. Lastly, Plaintiffs' estimators assessed damage to the horse barn, shed (exterior and roof), and fencing, that will require extensive repairs and/or replacement.



*Figure 1. Damage to composition shingles caused by wind-driven debris.*



*Figure 2. Wind/tornado damage to garage roof.*        *Figure 3. Wind/tornado damage to siding on left elevation.*

12.    Plaintiffs submitted a claim to Metropolitan against the Policy referenced in paragraph 9 for wind and/or tornado damages sustained by the Property as a result of the Incident, and their claim was assigned claim number JDG01939 O4 by Defendant Metropolitan ("the Claim").

13.    Plaintiffs asked that Metropolitan cover all costs of repairs to the Property, as shown *supra*, pursuant to the Policy.

14.    Thereafter, Defendant Metropolitan assigned Defendant Todd Bilbrey as the individual adjuster/claims representative on the claim. Mr. Bilbrey was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiffs' claim. Specifically, Mr. Bilbrey

conducted a substandard inspection of Plaintiffs' Property. The inadequacy of Mr. Bilbrey's inspection is evidenced by his report, which failed to account for the full extent of damages sustained by Plaintiffs' dwelling. Mr. Bilbrey spent an inadequate amount of time inspecting Plaintiffs' damaged composition roof – accordingly, he failed to find any damage – despite the presence of clearly visible damages. Mr. Bilbrey misrepresented to Plaintiffs in a letter, sent on or about June 11, 2016, that there was "[n]o evidence of storm related damage to any slope, facet or accessory." This erroneous finding is unsupported by the evidence – pictures taken by Plaintiffs' independent estimators clearly show marring and/or impacts from wind-driven debris. *See* ¶ 11, Figure 1. Similarly, Mr. Bilbrey misrepresented to Plaintiffs in the June 11, 2016 letter that the garage roof showed "[n]o evidence of storm related damage." Again, this erroneous finding is unsupported by the evidence, as Plaintiffs' estimators found a number of strikes by wind-driven debris and/or wind damage to the garage's shingles. *See* ¶ 11, Figure 2. Additionally, Mr. Bilbrey failed to assess the full extent of damage to Plaintiffs' siding, despite the presence of visible gashes to siding caused by wind-driven debris. *See* ¶ 11, Figure 3. Mr. Bilbrey's failure to assess the full extent of damages to the siding, and the necessary repairs, amounts to a nearly ten thousand-dollar ($10,000.00) underpayment of Plaintiffs' claim. The highly visible nature of the aforementioned damages suggests that Mr. Bilbrey omitted these damages from his estimate not due to mere oversight – rather, it is likely that these omissions were the result of an unlawful, outcome-oriented investigation and effort to underpay Plaintiffs' claim. Additionally, Mr. Bilbrey improperly calculated depreciation when he was determining the actual cash value of damages. Mr. Bilbrey applied excessive depreciation to items, without a reasonable basis for the application of such depreciation or sufficient annotations or notes in his estimate regarding the age, condition, or wear of the items to which he applied depreciation. In addition to omitting and undervaluing many of

Plaintiffs' covered damages in his report, Mr. Bilbrey underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to include adequate overhead and profit, and improperly calculated the actual cash value of Plaintiffs' loss under the Policy. Ultimately, Mr. Bilbrey's estimate did not allow adequate funds to cover the cost of repairs for all of the damages sustained by Plaintiffs. Mr. Bilbrey's inadequate investigation was relied upon by Metropolitan in this action and resulted in Plaintiffs' claim being improperly adjusted and undervalued.

15.    Defendant Metropolitan failed to adequately train and supervise Mr. Bilbrey, resulting in the unreasonable investigation and improper handling of Plaintiffs' claim. Moreover, Defendant Metropolitan failed to thoroughly review and properly oversee the work of Mr. Bilbrey, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiffs' claim was improperly adjusted, and denied in part, causing them to suffer damages.

16.    Together, Defendants Metropolitan and Todd Bilbrey set about to deny and/or underpay on properly covered damages. Defendant Metropolitan misrepresented to Plaintiffs that Mr. Bilbrey's investigation and report encompassed all of Plaintiffs' properly covered damages; when, in fact, the report failed to properly assess or include many of Plaintiffs' covered damages and failed to allow for sufficient amounts to cover the cost of repairs to Plaintiffs' Property, as shown in paragraph 14. Defendant Metropolitan failed to provide coverage for the damages sustained by Plaintiffs, thereby denying/substantially underpaying Plaintiffs' claim. As a result of the Defendants' unreasonable investigation, Plaintiffs' claim was improperly adjusted and Plaintiffs have not been adequately compensated for their valid claim and have suffered damages.

17.     The mishandling of Plaintiffs' claim has caused a delay in Plaintiffs' ability to fully repair their Property, and has likley resulted in further damages to the dwelling. To this date, Plaintiffs have yet to receive sufficient payment that they are entitled to under the Policy.

18.     As detailed in the paragraphs below, Defendant Metropolitan wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

19.     To date, Metropolitan continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home,

20.     Defendant Metropolitan failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. Metropolitan's conduct constitutes a breach of the insurance contract between Metropolitan and Plaintiffs.

21.     Defendant Metropolitan through its agent, Mr. Bilbrey, misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Metropolitan's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22.     Defendants Metropolitan and Todd Bilbrey failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant Metropolitan and Todd Bilbrey's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23.     Defendants Metropolitan and Todd Bilbrey failed to explain to Plaintiffs the reasons for their denial of Plaintiffs' full claim. Specifically, Metropolitan failed to offer Plaintiffs adequate

compensation, without sufficient explanation as to why full payment was not being made. Furthermore, Metropolitan did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The conduct of Defendants Metropolitan and Todd Bilbrey is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24.     Defendant Metropolitan refused to fully compensate Plaintiffs, under the terms of the Policy, even though Metropolitan and Mr. Bilbrey failed to conduct a reasonable investigation. Specifically, Metropolitan and Mr. Bilbrey performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. The conduct of Metropolitan and Mr. Bilbrey constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25.     Defendant Metropolitan failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.     Defendant Metropolitan failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Metropolitan's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Metropolitan, the liability of Metropolitan to pay the full claim in accordance with the terms of the Policy was

reasonably clear. However, Metropolitan has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Metropolitan's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants Metropolitan and Todd Bilbrey knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

29.     As a result of Defendants Metropolitan and Todd Bilbrey wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## VI.     CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT TODD BILBREY

#### A.   NON-COMPLIANCE WITH TEXAS INS. CODE: UNFAIR SETTLEMENT PRACTICES

30.     Plaintiffs reincorporate the above-referenced paragraphs as if stated fully herein.

31.     Defendant Metropolitan assigned Defendant Todd Bilbrey to adjust the claim and evaluate Plaintiffs' damages on its behalf. During his investigation, Defendant Todd Bilbrey failed to properly assess Plaintiffs' property damage. Specifically, during his investigation, Mr. Bilbrey spent an inadequate time investigating whether Plaintiffs' damages were covered under the Policy – as evidenced by his failure to properly assess all exterior damage to the dwelling or any damage to the roof of Plaintiffs' main dwelling and the garage roof. *See* ¶¶ 11, 14.

32.     Defendant Todd Bilbrey's conduct constituted multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.151.

33.    Defendant Todd Bilbrey is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Defendant Metropolitan, because Defendant Todd Bilbrey is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Metropolitan plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (*See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

34.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Todd Bilbrey's misrepresentations by means of deceptive conduct include, but are not limited to,, (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs had no damages when in fact there were; (3) using his own statements about the non-severity of the damages as a basis for denying properly covered damages; and (4) failing to provide an adequate explanation for underpaying/giving no compensation for Plaintiffs' claims. Defendant Todd Bilbrey's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.    Defendant Todd Bilbrey's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though

liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.     The unfair settlement practices of Defendant Todd Bilbrey as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.     Defendant Todd Bilbrey's deceptive acts and omissions of misrepresenting an insurance policy by making false and misleading statements of material fact, and making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(1)-(3), (5).

## CAUSES OF ACTION AGAINST DEFENDANT METROPOLITAN

38.     Defendant Metropolitan is liable to Plaintiffs for breach of contract, violations of the Texas insurance Code, and breach of the common law duty of good faith and fair dealing.

### A.  BREACH OF CONTRACT

39.     Plaintiffs reincorporate the above-referenced paragraphs as if stated fully herein.

40.     Defendant Metropolitan's conduct constitutes a breach of the insurance contract made between Metropolitan and Plaintiffs.

41.     A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is

mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex.App.—Houston [1st Dist.] 2005, pet. denied).

42.    A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

43.    Defendant Metropolitan's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiffs fully performed all of their obligations under the policy, including the payment of their premium, constitutes a breach of Metropolitan's insurance contract with Plaintiffs.

    B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

44.    Plaintiffs reincorporate the above-referenced paragraphs as if stated fully herein.

45.    Defendant Metropolitan's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

46.    Defendant Metropolitan's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue – specifically, misrepresenting to Plaintiffs that damages sustained by their Property during the Incident were not covered despite the fact that the damages were the result of a peril/s covered by the policy at issue – constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX INS. CODE §541.060(a)(1).

47.    Defendant Metropolitan's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Metropolitan's liability under the policy was reasonably clear, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS.
.CODE §541.060(a)(2)(A).

48.     Defendant Metropolitan's unfair settlement practice, as described above, of failing to
promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to
the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes
an unfair method of competition and an unfair and deceptive act or practice in the business of
insurance. TEX. INS. CODE §541.060(a)(3).

49.     Defendant Metropolitan's unfair settlement practice, as described above, of refusing to pay
Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of
competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS.
CODE §541.060(a)(7).

50.     Plaintiff would submit that this action is not only a violation of the Tex. Ins. Code
§541.060, but the act of knowingly making a material misrepresentation of fact or opinion, to
Plaintiffs by Metropolitan, knowing that this statement is false, constitutes fraud. Metropolitan
made misrepresentations to Plaintiffs about their case, recklessly, without any knowledge of the
truth, Metropolitan intended that Plaintiffs rely on its statements regarding the applicable coverage
to the property, and Plaintiffs relied on Metropolitan's statements regarding the same, and have
sustained damages.

       C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

51.     Plaintiffs reincorporate the above-referenced paragraphs as if stated fully herein.

52.     Defendant Metropolitan's conduct constitutes a violation of the Texas Insurance Code,
Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE
§542.060.

53.    Defendant Metropolitan's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

54.    Defendant Metropolitan's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### D. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

55.    Plaintiffs reincorporate the above-referenced paragraphs as if stated fully herein.

56.    Defendant Metropolitan's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

57.    "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiffs' (the policyholders) and Metropolitan's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that Metropolitan, like other insurers, controls entirely the evaluation, processing and denial of claims.

58.    By not inspecting the property for all of the claimed covered damages, Metropolitan and Mr. Bilbrey did not inspect and evaluate Plaintiffs' home as if it were their own home. Metropolitan and Mr. Bilbrey's investigation and evaluation was not reasonable; thus, there is no reasonable basis for withholding payment for Plaintiff's covered damages. Metropolitan's overall conduct in handling Plaintiff's claim was not reasonable. Texas courts have held that the mere fact

that an insurer relies upon an expert's report to deny a claim does not automatically foreclose bad faith recovery as a matter of law. *See Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 570 (Tex. App. 2011) (citing *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444,448 (Tex.1997)). Rather, reliance on expert reports, alone, will not necessarily shield the carrier if there is evidence that the report was not *objectively prepared* or the insurer's reliance on the report was *unreasonable*. *See Id.* (emphasis added) (citing *Nicolau,* 951 S.W.2d at 448). As the foregoing paragraphs establish, Mr. Bilbrey's report was not objectively prepared (*see supra* ¶¶ 11, 14); therefore, Metropolitan's reliance on his estimate was unreasonable and in violation of the duty of good faith and fair dealing. Moreover, Metropolitan's overall conduct in handling Plaintiffs' claim was not reasonable.

59.     Defendant Metropolitan's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Metropolitan, through its agent, Mr. Bilbrey, knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### E.   ACTS CONSTITUTING ACTING AS AGENT

60.     Plaintiffs reincorporate the above-referenced paragraphs as if stated fully herein.

61.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Todd Bilbrey is an agent of Defendant Metropolitan based on Defendant Metropolitan's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

62.     Separately, and/or in the alternative, as referenced and described above, Defendant Metropolitan ratified the acts, negligent hiring and training, supervision and/or omissions of

Defendant Todd Bilbrey, including the completion of his duties under the common law and statutory law.

### F. GROSS NEGLIGENCE

63.     Plaintiffs reincorporate the above paragraphs as if stated fully herein.

64.     Plaintiffs are entitled to exemplary damages as a result of Defendant Metropolitan's breach of duties owed as described above. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others, or the risk of financial ruin to others, and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. In the alternative, Defendant had specific intent to cause substantial harm to Plaintiffs.

### VII.   KNOWLEDGE

65.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### VIII.   DAMAGES

66.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

67.     As previously mentioned, the damages caused by the May 26, 2016 windstorm and/or tornado have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Metropolitan mishandling of Plaintiffs' claim in violation of the laws set forth above.

68.     For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of their claim, together with reasonable and necessary attorney's fees.

69.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

70.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

71.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

72.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.  REQUEST FOR DISCLOSURE

73.     Under Texas Rules of Civil Procedure 194, Plaintiffs hereby request Defendants Metropolitan and Todd Bilbrey each disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## X. JURY DEMAND

74.     Plaintiffs hereby request a trial by jury of all issues of fact in this case and herewith tenders the jury fee.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they are justly entitled.

ARGUELLO, HOPE & ASSOCIATES, PLLC
1110 NASA Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281) 402-3534


BY: _/s/ Andres Arguello_____
         ANDRES ARGUELLO
         State Bar No. 24088970
         andres@simplyjustice.com
         PHILIP BRODERICK
         State Bar No. 24094561
         philip@simplyjustice.com
         NISHI KOTHARI
         State Bar No. 24087862
         kothari@simplyjustice.com

**COUNSEL FOR PLAINTIFFS
AMBER AND KARA GRANT**

Received and E-Filed for Record
10/17/2016 3:17:01 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-09-10808

| | | |
|---|---|---|
| AMBER GRANT AND | § | IN THE DISTRICT COURT |
| KARA GRANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | |
| AND TODD DWAYNE BILBREY, | § | |
| | § | |
| Defendants. | § | 284TH JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition and Requests for Disclosure, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs, including but not limited to the following policy provisions:

**COVERAGE A - DWELLING**

1.    **Dwelling Owners.**  If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
    A.    the dwelling owned by **you** on the **residence premises**; and
    B.    structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES.**

* * *

**We** cover building equipment, materials and supplies, to the extent of **your** financial interest, located on or adjacent to the **residence premises** for use in connection with matinenance, construction, alteration, or repair of the dwelling or private structures on the **residence premises**.

**COVERAGE B – PRIVATE STRUCTURES**

At the location of the **residence premises**:

1.    **we** cover private structures owned by **you** and separated from the dwelling by clear space; or

* * *

**CAUSES OF PROPERTY LOSS
SECTION I - LOSSES WE COVER
(SPECIAL PERILS)**

**LOSS DEDUCTIBLE CLAUSE**

**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**

**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

**COVERAGE C - PERSONAL PROPERTY**

**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

**SECTION I - BROAD NAMED PERILS**

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.     **Windstorm or Hail**
       **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

1.     **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

D.     **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

       1.     flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

\* \* \*

E.     **Earth Movement**, meaning any loss caused by, resulting from, contributed to or aggravated by events that include, but are not limited to:
       1.     earthquake and earthquake aftershocks;
       2.     volcanic eruption and volcanic effusion;
       3.     sinkhole;
       4.     subsidence;
       5.     mudslide including landslide, mudflow, debris flow, avalanche or sediment;

6.      erosion or excavation collapse;

7.      except as specifically provided by this endorsement, the sinking, rising, shifting, expanding, bulging, cracking, settling or contracting of the earth, soil or land; and

8.      volcanic explosion and lava flow, except as granted under **SECTION I – ADDITIONAL COVERAGES** for **Volcanic Action**.

This exclusion applies whether or not the earth movement is combined with water or caused by or results from human or animal forces or any act of nature.

\* \* \*

3.      **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

A.      wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

\* \* \*

C.      except as specifically provided by this endorsement, settling, cracking, shrinking, bulging, or expansion of bulkheads, pavements, patios, foundations, footings, supports, walls, floors, roofs, or ceilings.

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

SECTION I - CONDITIONS

\* \* \*

2.      **What you Must do After a Loss.** **We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

A.      Promptly notify **us** or **our** representative.

…

B.      Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.      Cooperate with us in the investigation of a claim.

...

E.     At any reasonable time and place **we** designate, and as often as **we** reasonably require:

     1.     show **us** the damaged property;

     2.     submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

     3.     allow **us** to examine and copy or abstract any records and documents **we** request.

...

Pleading further, Plaintiffs failed to promptly repair the roof of their property and based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:     Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _17th_ day of _October_, 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

Dennis D. Conder

PAN/PLDG/575480.1/001466.16927