UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMBER GRANT AND<br>KARA GRANT,<br><br>    Plaintiffs,<br><br>v.<br><br><br>METROPOLITAN LLOYDS<br>INSURANCE COMPANY AND<br>TODD DWAYNE BILBREY,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>4:16-CV-3246 |

## PLAINTIFFS' MOTION TO REMAND

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COME NOW, AMBER GRANT and KARA GRANT (herein "Plaintiffs"), by and through the undersigned counsel, and file this MOTION TO REMAND, pursuant to 28 U.S.C. § 1447(c).

This motion is based upon the following grounds: (1) this Honorable Court lacks subject-matter jurisdiction over this lawsuit because Defendant, Metropolitan Lloyds Insurance Company (herein "Lloyds"), has failed to establish that Defendant Todd Dwayne Bilbrey (herein "Mr. Bilbrey") is not a citizen of the State of Texas; and (2) Defendant Lloyds has failed to prove that Mr. Bilbrey was improperly or fraudulently joined in Plaintiffs' complaint. Accordingly, this matter should be remanded to the 284th Judicial District Court of Montgomery County, Texas.

In support of this motion, Plaintiffs submit the following Memorandum of Points and Authorities, as set forth below:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### SUMMARY OF THE CASE & BACKGROUND

1. The causes of action made the basis of this lawsuit arise out of an insurance claim submitted by Plaintiffs for damages to their real property located at 945 Pioneer Lane, Cleveland, Texas 77328, which is located in Montgomery County, Texas (herein the "Property").

2. Plaintiffs made a claim against their Homeowner's Insurance Policy (herein the "Policy"), issued by Defendant Lloyds, seeking coverage for damages to the Property arising from a severe windstorm and/or tornado that struck Montgomery County, Texas on or about May 26, 2016.

3. Thereafter, Defendant Lloyds assigned Mr. Bilbrey as the individual adjuster on the claim.

4. Mr. Bilbrey is an individual resident and citizen of the State of Texas, per stipulation of Defendant Lloyds' counsel.[1]

5. As alleged in Plaintiffs' original complaint, Mr. Bilbrey conducted a substandard inspection of the Property, which is evidenced by his report that failed to include most of Plaintiffs' covered damages. This report was relied upon by Defendant Lloyds' in their adjustment of Plaintiffs' claim, and resulted in the underpayment of benefits owed to Plaintiffs under the Policy.[2]

6. It is apparent that Defendant Lloyds and Mr. Bilbrey, as Defendant Lloyds' agent, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of the losses on their home.[3]

7. Defendants Lloyds and Bilbrey's conduct constitutes breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.[4]

---

[1] *See* Exhibit "A," Defendant's Notice of Removal, at p. 3, ¶ 2.1.
[2] *See* Exhibit "B," Plaintiffs' Original Petition, at pp. 4-6, ¶¶ 14-16.
[3] *Id.*, at pp. 3-6, ¶¶ 11-14.
[4] *Id.*, at Section VI, pp. 9-15, ¶¶ 30-59.

8. As a result of the aforementioned conduct, Plaintiffs filed suit against Defendants Lloyds and Bilbrey on September 16, 2016.

9. Defendant Lloyds, an unincorporated association whose underwriters are citizens of Rhode Island and Wisconsin, removed this case to this Honorable Court on November 3, 2016, alleging improper joinder of Defendant Bilbrey, who is a resident of the State of Texas.[5] Defendant Lloyds contends that Mr. Bilbrey's citizenship does not defeat this Honorable Court's subject matter jurisdiction over this matter, because of the fraudulent and/or improper joinder.

10. Despite Lloyds' contentions, the facts, circumstances, and law support the joinder of Mr. Bilbrey as a party in this action. Therefore, removal to this Honorable Court is improper because "complete diversity" does not exist in this case, and the Court lacks subject-matter jurisdiction. Moreover, Mr. Bilbrey is a citizen of the State of Texas, and Defendant Lloyds has failed to show otherwise. Indeed, Defendant Lloyds concedes that Mr. Bilbrey is a citizen of this state.[6]

11. Furthermore, removal is improper because Defendant Lloyds has failed to show that Defendant Bilbrey approves or consents to this removal, pursuant to 28 U.S.C. § 1446(b)(2)(A), nor has Mr. Bilbrey made an appearance in this case.

12. For these reasons set for below, Plaintiffs request that this case be remanded back to state court.

---

[5] *See* Exhibit "A," Defendant's Notice of Removal, at pp. 2-3, ¶ 2.1.
[6] *Id.,* at p. 3, ¶ 2.1.

## II.
### ISSUE PRESENTED

13. Whether this Court lacks subject matter jurisdiction over this lawsuit. In deciding this issue, the Court should consider whether Defendant Bilbrey, who is a citizen and resident of the State of Texas, was a properly joined party to this lawsuit.

## III.
### ARGUMENTS & AUTHORITIES

14. This Honorable Court lacks subject-matter jurisdiction over this case because Defendant Bilbrey is a citizen of the State of Texas, adjusts insurance claims in Texas, and Plaintiffs have alleged valid causes of action against him.

15. Furthermore, Defendant Lloyds' Notice of Removal fails to state whether Defendant Bilbrey consents to the removal of this action to federal court.[7] Therefore, Defendant Lloyds' Notice of Removal must be rejected as a matter of procedure.

A. STANDARDS GOVERNING REMOVAL TO FEDERAL COURT

16. The long-established rule is that the removing party "must show in his pleading, *affirmatively* and *distinctly*, the existence of whatever is essential to federal jurisdiction."[8]

17. When the Defendant challenges removal based upon diversity jurisdiction, the Defendant bears the burden of demonstrating that the removal is permissible.[9] This burden extends to the requirement of diversity of citizenship.[10] There is a "strong presumption" against removal, meaning that the removing defendant bears the burden of establishing that removal is proper.[11]

---

[7] 28 U.S.C. § 1446(b)(2)(A) ("[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").
[8] *Smith v. McCullough*, 270 U.S. 456, 459 (1926) (emphasis added).
[9] *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001).
[10] *See Williams v. Litton Loan Servicing*, C.A. No. 10-11866-MLW, 2011 U.S. Dist. LEXIS 90689, at *12 (D. Mass. Aug. 15, 2011); *See also Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).
[11] *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

B.    THIS HONORABLE COURT LACKS JURISDICTION BECAUSE THERE IS NOT COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES

18.    "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between […] [c]itizens of different States."[12]

19.    Plaintiffs do not contest that the amount in controversy exceeds the sum of $75,000.00. Nevertheless, this Honorable Court lacks jurisdiction because Defendant Bilbrey and Plaintiffs are citizens of the State of Texas.

20.    Defendant Lloyds has not contested the citizenship of Defendant Bilbrey, and has failed to submit any evidence to this Court that would establish his citizenship in a state other than Texas.

21.    Therefore, Defendant Lloyds has failed to meet all the requirements necessary for diversity jurisdiction in accordance with 28 U.S.C. § 1332(a)(1).

C.    DEFENDANT LLOYDS HAS FAILED TO COMPLY WITH 28 U.S.C. § 1446(b)(2)(A)

22.    Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

23.    The Fifth Circuit, interpreting Section 1446(a) that governs the procedure for removal, held that the "removal procedure requires that all defendants join in the removal petition."[13] Failure to abide by this procedure results in a defect.

24.    In the instant matter, it is apparent from Defendant Lloyds' pleading that Defendant Bilbrey did not consent to removal nor does Defendant Lloyds contend that it secured Defendant Bilbrey's consent to remove this matter to federal court.

---

[12] 28 U.S.C. § 1332(a)(1).
[13] *Tri-Cities Newspapers, Inc. v. Tri-Cities P & P & A Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970); *Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 n. 3 (5th Cir. 1981)(per curiam).

25. Since Defendant Lloyds' removal to this Honorable Court was defective, this matter should be remanded to state court.

D. <u>THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER THIS LAWSUIT BECAUSE DEFENDANT LLOYDS HAS FAILED TO PROVE THAT DEFENDANT BILBREY WAS IMPROPERLY OR FRAUDULENTLY JOINED</u>

   i. *Adjusters can be held Individually Liable for their Conduct under the Texas Insurance Code.*

26. The Texas Supreme Court, the Fifth Circuit, and the U.S. District Court for the Southern District of Texas have recognized that adjusters can be held liable under the Texas Insurance Code.[14]

27. Chapter 541, Subchapter A of the Texas Insurance Code prohibits any "person" from engaging in deceptive practices in the business of insurance.[15] The term "person" is defined as "any ***individual***, corporation, association, partnership […] and any other legal entity engaged in the business of insurance, including agents, brokers, ***adjusters*** and life insurance counselors."[16]

28. Thus, Section 541.002 specifically provides that the definition of "person" includes claims adjusters, such as Defendant Bilbrey; and Chapter 541, Subchapter A, provides a private cause of action against any person that engages in unfair or deceptive acts as provided in Section 3 of the Subchapter.[17]

---

[14] *Cornman vs. State Farm Lloyds*, 2001 U.S. Dist. LEXIS 24472, at *12 (S.D. Tex. Nov. 19, 2001) (adjuster can be held liable because he services insurance policies after claims arise and because knowingly violated the Insurance Code by not fully, independently or promptly undertaking his adjusting functions, and by knowingly relying on an engineer who is biased in favor of Defendant State Farm); *See also Liberty Mutual Ins. Co. v. Garrison Contractors*, Inc., 966 S.W.2d 482, 484 (Tex. 1998) (the Texas Supreme Court permitted a cause of action against an insurance agent accused of unfair insurance practices because the agent was an employee "engaged in the business of insurance."); *Gasch v. Hartford*, 491 F.3d 278, 282 (5th Cir. 2007) (a claims adjuster responsible for the servicing of insurance policies engages in the business of insurance).
[15] TEX. INS. CODE ANN. § 541.003 (2005).
[16] TEX. INS. CODE ANN. §541.002 (2005) (emphasis added).
[17] TEX. INS. CODE ANN. §541.003 (2005).

29.     In *Garrison Contractors*, the Texas Supreme Court specifically held that, under Texas law, the term "person" as defined in Chapter 541, Subchapter A of the Texas Insurance Code (formerly Article 21.21), is not limited to insurers.[18] The term "person," for the purpose of placing liability, includes individuals and company employees who are engaged in the business of insurance.[19] Thus, the wrongful conduct of an insurance adjuster can give rise to that individual's personal liability, despite Defendant Bilbrey's "subordinate" relationship with the insurance carrier.

30.     Moreover, the Fifth Circuit, relying on *Garrison*, held that an adjuster can be held liable under the Texas Insurance Code.[20]

31.     While *Garrison* and *Hartford* were decided under Article 21.21, this does not impact their holdings. Chapter 541 of the Insurance Code was simply a recodification of Article 21.21.[21] Further, the Texas Legislature expressly pronounced that Chapter 541 was enacted as a non-substantive revision of 21.21.[22]

32.     In sum, Defendant Lloyds' removal is groundless and completely ignores precedent directly on point from the Texas Supreme Court, the Fifth Circuit, the Southern District of Texas, and other federal courts in Texas holding that an adjuster can be held liable under Chapter 541 of the Texas Insurance Code.

---

[18] *Liberty Mut. Ins. Co. v. Garrison Contr.*, 966 S.W.2d 482, 486-87 (Tex. 1998).
[19] *Id.*
[20] *Hartford*, 491 F.3d at 282-83.
[21] Acts 2003, 78th Leg. R.S., Ch. 1274, H.B. 2922.
[22] *Id.* (relating to a non-substantive revision of statutes relating to the Texas Department of Insurance, the business of insurance, and certain related businesses, including conforming amendments, repeals, and penalties).

> ii. *The Burden is on the Removing Defendant to Prove Improper Joinder.*

33.  "A claim of fraudulent joinder must be 'plead with particularity,' supported by 'clear and convincing' evidence, and proven with 'certainty.'"[23]

34.  In removal cases, the removing party bears the significant burden of establishing the existence of federal jurisdiction.[24] The Fifth Circuit has stressed "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one."[25] "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving joinder was improper."[26] The court lacks subject matter jurisdiction when the removing party does not meet this burden.[27]

35.  To show joinder is improper, "[t]he removing party must prove that there is absolutely <u>no possibility</u> that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts."[28] Fraudulent joinder has been proven only if there is "no reasonable basis predicting that the Plaintiff might establish liability."[29]

36.  "Since the purpose of the improper joinder inquiry is to demonstrate whether or not the in-state defendant was properly joined, <u>the focus of the inquiry must be on the joinder, not the merits of the Plaintiff's case</u>."[30] "[T]he Court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested

---

[23] *See Dollar v. G.M. Corp.*, 814 F. Supp. 538, 541 (E.D. Tex. 1993).
[24] *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S. 1921); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[25] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
[26] *Smallwood v. Illinois Central RR. Co.*, 385 F.3d 568, 576 (5th Cir. 2004).
[27] *Id.*
[28] *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) (emphasis added).
[29] *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 357 (5th Cir. 1995).
[30] *Smallwood*, 385 F.3d at 573 (emphasis added).

issues of substantive fact in favor of the plaintiff."[31] Further, "the court must then examine relevant state law and resolve all uncertainties in favor of the nonremoving party."[32] Moreover, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.[33]

37. The question before this Court is simply whether the causes of action asserted against Defendant Bilbrey are supported by the facts alleged and the laws of the State of Texas.[34]

> iii. *Plaintiffs have Alleged Valid Causes of Action against Defendant Bilbrey.*

38. A recent decision issued by a court in the Northern District of Texas correctly noted that, "Section 541.060(a)(2)(A) prohibits those engaged in the business of insurance from "failing to attempt in good faith to *effectuate* a prompt, fair, and equitable settlement" […] The fact that the statute uses the word "effectuate" rather than a word that conveys finality (e.g., finalize), suggests that its *prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim*."[35] The court went on to hold that adjusters, "[a]s the persons primarily responsible for investigating and evaluating insurance claims, […] unquestionably have the ability to affect or bring about the "prompt, fair, and equitable settlement" of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based."[36] Ultimately, it is the duty of the adjuster to fairly assess a claim.

---

[31] *Green*, 707 F.2d at 205.
[32] *Id.*, at 206.
[33] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).
[34] *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152-53 (1914); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991) (a court may not go into the merits of the claims or defenses to determine whether non-diverse parties are fraudulently joined).
[35] *See Linron Props. v. Wasau Underwriters Ins. Co.*, 2015 U.S. Dist. LEXIS 77357, at *10 (emphasis added) (internal citations omitted); The *Linron* case is attached hereto as Exhibit "C."
[36] *Id.*; *See also Arana v. Allstate Texas Lloyds*, No. 3:13-CV-0750-D, 2013 U.S. Dist. LEXIS 70033, 2013 WL 2149589, at *5 (N.D. Tex. May 17, 2013) ("Adjusters play a role in the investigation, estimation, and settlement of insurance claims."); *Vargas v. State Farm Lloyds*, 216 F.Supp.2d 643 (S.D. Tex. 2002) (adjuster "engages in the business of insurance by investigation, processing, evaluating, approving, and denying claims").

39. Plaintiffs have alleged that Defendant Bilbrey violated various sections of the Texas Insurance Code – including Section 541.060(a)(2)(A).[37] In support of this allegation, Plaintiffs alleged (1) that Mr. Bilbrey spent an insufficient amount of time investigating their claim; (2) overlooked patently obvious damages; and (3) miscalculated their damages by incorrectly applying depreciation, material sales tax, and failing to account for adequate overhead and profit.[38] These allegations are supported by specific examples and pictures documenting the damages that Mr. Bilbrey omitted from his report.[39] Mr. Bilbrey's failure to conduct a thorough investigation of Plaintiffs' claim made the "prompt, fair, and equitable settlement" of Plaintiffs' claim impossible. Clearly, under the standard recognized by the *Linron* court, Plaintiffs have stated a valid cause of action against Mr. Bilbrey.

40. If there is "a reasonable basis of recovery on *one* cause of action, the court must remand the *entire suit* to state court."[40]

41. As the foregoing paragraphs establish, Plaintiffs have a reasonable basis of recovery against Mr. Bilbrey under Section 541.060(a)(2)(A) of the Texas Insurance Code, and this matter should be remanded to state court for further adjudication.

*iv. Plaintiffs' Complaint Meets the Federal 12(b)(6) Pleading Standard.*

42. Defendant Lloyds contends that "[t]he allegations against Defendant Todd Wayne Bilbrey in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the elements of a cause of action."[41] This erroneous assertion totally misreads Plaintiffs' complaint, and ignores the relevant law and facts of this case.

---

[37] *See* Exhibit "B," Plaintiffs' Original Petition, at pp. 10-11, ¶ 35.
[38] *Id.*, at pp. 4-6, ¶ 14.
[39] *Id.,* at pp. 3-6, figures 1-3, ¶¶ 11-14.
[40] *Edwea, Inc. v. Allstate Ins. Co.*, No. H-102970. 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010) (emphasis added).
[41] *See* Exhibit "A," Defendant's Notice of Removal, at p. 4, ¶ 2.3.

43. Plaintiffs' complaint, read as a whole, cannot be viewed as a threadbare recitation of the elements of a cause of action. Rather, Plaintiffs asserted *specific conduct* that Defendant Bilbrey engaged in, supported by pictures of the damages Defendant Bilbrey omitted from his estimate of damages.

44. The Fifth Circuit recently mandated the application of the federal pleading standard to the issue of improper joinder.[42] As shown herein, Plaintiffs' causes of action against Defendant Bilbrey are sufficiently pled to meet this stringent standard.

45. To meet the federal pleading standard, a plaintiff's pleading must contain sufficient facts to state a claim to relief that is plausible on its face – providing more than a mere possibility of recovery.[43] In other words, the petition cannot simply restate the elements of a cause of action to meet the federal pleading standard.[44]

46. On August 22, 2016, U.S. District Judge Barbara Lynn of the Northern District of Texas issued a memorandum opinion and order in the case of *Martinez v. State Farm Lloyds*, No. 3:16-cv-00040-M, in which she applied the stringent federal pleading standard and remanded that case to state court.[45] The facts in *Martinez* are strikingly similar to the facts in the instant case. In *Martinez*, the plaintiff alleged that his property, covered by a homeowner's policy issued by State Farm Lloyds, sustained damage in a wind/hail storm. State Farm assigned the claim to its adjuster ("Mr. Williams"), a Texas resident. The plaintiff alleged that the defendants wrongfully denied coverage under the policy. Plaintiff Martinez claimed that State Farm violated Sections 541 and 542 of the Texas Insurance Code and alleged that Mr. Williams violated Section 541. State Farm

---

[42] *International Energy Ventures Management, LLC v. United Energy Group, Limited*, 818 F.3d 193 (5th Cir. 2016), 2016 WL 1274030, at *8.
[43] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).
[45] See 2016 U.S. Dist. LEXIS 111334; The *Martinez* case is attached hereto as Exhibit "D."

removed the case to federal court, arguing that Mr. Williams was improperly joined because the plaintiff had failed to state a claim against him.

47. Judge Lynn concluded that the federal pleading standard had been met since the plaintiff had specifically alleged that:

> "[…] **Williams conducted a substandard inspection of Plaintiff's property** […] **The inadequacy of Williams' inspection is further evidenced by his report, which failed to include all of Plaintiff's damages** noted upon inspection. Moreover, Williams both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. For example, Defendant Williams improperly depreciated some of the damages when evaluating and estimating the cost to repair Plaintiff's property. **In part, Williams applied depreciation in excess without any reasonable basis for application of such significant depreciation or any annotations in his estimate regarding the age and/or condition of the damaged items. Ultimately, Williams failed to properly scope Plaintiff's damages and underestimated the cost of repairs to the damages, thereby failing to allow for adequate funds to cover the cost of repairs to Plaintiff's Property**."[46]

48. In the instant case, Plaintiffs' petition stated that their composition roof sustained "damage from high winds and/or wind-driven debris and requires full replacement along with accompanying roof components/fixtures, such as the framing, sheathing, pipe jack, roof vents, flashing, step flashing, and drip edge […] Plaintiffs' estimators also found that the garage roof sustained extensive damage from wind/wind-driven debris, necessitating the removal and replacement of composition shingles and the drip edge. Additionally, the exterior of the garage was impacted, and requires the following repairs: removal and replacement of the house wrap, sidings, siding trim, trim boards, soffits, and the overhead garage door."[47] Like the plaintiff in *Martinez*, Plaintiffs alleged that the inadequacy of the Defendant Bilbrey's investigation was evidenced by the omission of most of the aforementioned damages from his estimate of damages.[48]

49. Additionally, Plaintiff alleged in his petition that "Mr. Bilbrey spent an inadequate amount of time inspecting Plaintiffs' damaged composition roof […] [and failed to find damage] despite

---

[46] *Id.*, at *7-*8 (emphasis added).
[47] *See* Exhibit "B," Plaintiffs' Original Petition, at p. 3, ¶ 11.
[48] *Id.*, at p. 5, ¶ 14.

the presence of clearly visible damages."[49] Supporting their bad faith allegations against Mr. Bilbrey, Plaintiffs further alleged that Defendant Bilbrey made specific misrepresentations to Plaintiffs regarding the damages sustained by their dwelling:

> "Mr. Bilbrey misrepresented to Plaintiffs in a letter […] that there was "[n]o evidence of storm related damage to any slope, facet or accessory." This erroneous finding is unsupported by the evidence – pictures taken by Plaintiffs' independent estimators clearly show marring and/or impacts from wind-driven debris […] Similarly, Mr. Bilbrey misrepresented to Plaintiffs […] that the garage roof showed "[n]o evidence of storm related damage." Again, this erroneous finding is unsupported by the evidence, as Plaintiffs' estimators found a number of strikes by wind-driven debris and/or wind damage to the garage's shingles."[50]

50. Moreover, like the plaintiff in *Martinez*, Plaintiffs specifically enumerated the actions of the adjuster that constituted violations under Section 541 of the insurance code. Plaintiffs alleged that:

> "[…] Mr. Bilbrey failed to assess the full extent of damage to Plaintiffs' siding, despite the presence of visible gashes to siding caused by wind-driven debris […] Mr. Bilbrey's failure to assess the full extent of damages to the siding, and the necessary repairs, amounts to a nearly ten thousand-dollar ($10,000.00) underpayment of Plaintiffs' claim. The highly visible nature of the aforementioned damages suggest that Mr. Bilbrey omitted these damages from his estimate not due to mere oversight – rather, it is likely that these omissions were the result of an unlawful, outcome-oriented investigation and effort to underpay Plaintiffs' claim. Additionally, Mr. Bilbrey improperly calculated depreciation when he was determining the actual cash value of damages. **Mr. Bilbrey applied excessive depreciation to items, without a reasonable basis for the application of such depreciation or sufficient annotations or notes in his estimate regarding the age, condition, or wear of the items to which he applied depreciation. In addition to omitting and undervaluing many of Plaintiffs' covered damages in his report, Mr. Bilbrey underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to include adequate overhead and profit, and improperly calculated the actual cash value of Plaintiffs' loss under the Policy. Ultimately, Mr. Bilbrey's estimate did not allow adequate funds to cover the cost of repairs for all of the damages sustained by Plaintiffs**."[51]

51. Plaintiffs have pled sufficient facts to support their allegations that Defendant Bilbrey's conduct constituted multiple violations of Section 541 of the Texas Insurance Code. In fact, <u>Plaintiffs have provided more detail, facts, and more fully pled their causes of action than the plaintiff in *Martinez*</u> – in which the court found that the adjuster was properly joined and remanded the case to state court. The foregoing

---

[49] *Id*.
[50] *Id*.
[51] *Id*., at pp. 5-6, ¶ 14 (emphasis added).

paragraphs conclusively establish that Plaintiffs have stated more than a mere threadbare recitation of the statutory causes of action against Defendant Bilbrey – therefore, Plaintiffs have met the federal pleading standard and remand is proper.

## IV.
### CONCLUSION

52. The Court should remand this case to the 284th Judicial District Court of Montgomery County, Texas. Federal jurisdiction under 28 U.S.C. §1332 requires the removing party to state facts showing a complete diversity of citizenship. Defendant Lloyds failed to establish complete diversity and failed to prove improper joinder of Defendant Bilbrey. Therefore, this Honorable Court lacks subject matter jurisdiction and remand is proper.

## V.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that this Honorable Court grant Plaintiffs' MOTION TO REMAND. Plaintiffs also request any other and further relief, either at law or in equity, to which Plaintiffs may be justly entitled.

**DATED**: **28th** day of **November**, 2016.

        Respectfully submitted,

        ARGUELLO, HOPE & ASSOCIATES, PLLC
        1110 Nasa Parkway, Suite 620
        Houston, Texas 77058
        Telephone: (281) 532-5529
        Facsimile: (281)402-3534

    **By**:   */s/ Philip K. Broderick*
        **PHILIP BRODERICK**
        State Bar of Texas Number: 24094561
        Federal ID: 2782757
        Email: philip@simplyjustice.com

        **LEAD COUNSEL FOR PLAINTIFFS**
        **AMBER AND KARA GRANT**

**OF COUNSEL:**
Andres Arguello
State Bar of Texas No. 24089970
ARGUELLO HOPE & ASSOCIATES, PLLC
1110 Nasa Parkway, Suite 620
Houston, Texas 77058
Tel: (281) 532-5529
Fax: (281) 402-3534
E-mail: andres@simplyjustice.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel of record, pursuant to the Federal Rules of Civil Procedure, on this the 28th day of November, 2016, as follows:

*VIA FACSIMILE & EMAIL*
**STACY & CONDER, LLP**
901 Main Street, Suite 6200
Dallas, Texas 75202
Ph.: (214) 748-5000
Fax: (214) 748-1421

Attn:   Mr. Dennis D. Conder, Esq.
        State Bar No. 04656400
        Email: conder@stacyconder.com

**COUNSEL FOR DEFENDANT
METROPOLITAN LLOYDS
INSURANCE COMPANY**

    /s/ *Philip K. Broderick*
**PHILIP K. BRODERICK**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on the 11th day of November, 2016, I contacted Dennis Conder, counsel for Defendant Lloyds, via telephone regarding whether or not he opposed this Motion to Remand, and that Mr. Conder opposed the same.

    /s/ *Philip K. Broderick*
**PHILIP K. BRODERICK**